17-2388
United States v. Jaquan McIntosh

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st of December, two thousand eighteen.

PRESENT:
> **DENNIS JACOBS,**
> **ROSEMARY S. POOLER,**
> **RICHARD C. WESLEY,**
> **Circuit Judges**.

United States of America,

> Appellee,

> v.                                                                    17-2388

Jaquan McIntosh, AKA BJ,

> Defendant – Appellant,

Sean McIntosh, AKA Slimmy, Hasani Fitts, AKA Has,
Preston Pasley, AKA Smoove, Laquan Parrish, AKA

MadDog, AKA Quanzas, Andre Bent, AKA Dula, Aaron Rodriguez, AKA Gunz, AKA Cito, Mark Clarke, AKA Gritty, AKA Mark the Gritty Shark, Bowlin Wallingford, AKA BK, AKA Bay Kay, Rodrigo Gonzalez, AKA Frenchy, Elijah Brown, AKA Lil Eli, Joshua Brown, Kayshawn Campbell, AKA Fresh, Robert Pope, AKA Big Bert, David Mattison, AKA Dave, AKA Daddy, Kevin Mattison, AKA Kev, Jayvon Carter, AKA Jay, AKA Jigga, Marcel Bent, AKA Marcellus, AKA Cellie, Terrence Pasley, AKA Fresh, Daquan Anderson, AKA BD, Dante Gregory, AKA Smiley, Cintron Powell, AKA C-Live, Walter Jernigan, AKA Lil G, AKA G-Boo, Mouhahamet Cherry, AKA Momo, Emmanuel McKenzie, AKA Manny Fresh, Lloyd Rodriguez, AKA T-Boy, Nicholas Bailey, AKA Nicholas Dale, AKA Nick, Shawn Walker, AKA Styles, Peter Lewis, AKA Pebbs, Ronald Matthews, AKA Ronnie, Travis Thompson, Kareem Sanders, AKA Reem, Jonathan Cummings, AKA J-Starz, Wayne Leon, AKA Wayne Brady, Danny Jones, AKA Red, AKA Casper, Lamor Miles, AKA Ls, Robert Miles, Patrick Little John, AKA Pat, Andrew Moncrieffe, AKA Drew, Gary Arrington, AKA G., Williams Rodriguez, AKA Will, Melvin Rodriguez, AKA YB, Brandon Anderson, AKA Big BD, Emile Anderson, AKA Kev, AKA Fetti, Devin Walker, AKA Dev, John Alvarez, AKA Gotti, Courtney Green, AKA C-Rock, Erick Canales, AKA EC, Gregory Cameron, AKA Biggs, AKA Bigga, AKA GG, Jabriel Lewis, AKA Breeze, AKA Breezy, Vaughn Washington, AKA Murder, Bruce Washington, AKA BJ, Damon Parrish, Roberto Munoz, AKA Jr., Alonzo McIntosh, AKA Manuke, Kraig Lewis, AKA K-Murda, Kavone Horton, AKA Styles,

      Defendants.

———————————————————

FOR DEFENDANT-APPELLANT:     A. James Bell, Law Office of A. James Bell, Brooklyn, NY.

FOR APPELLEE:     Rachel Maimin, Karl Metzner, Assistant United States Attorneys, <u>for</u> Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Kaplan, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Jaquan McIntosh pleaded guilty to racketeering conspiracy in violation of 18 U.S.C. § 1962(d), pursuant to a plea agreement with the Government. The United States District Court for the Southern District of New York (Kaplan, <u>J.</u>) sentenced McIntosh principally to 280 months' imprisonment. McIntosh appeals his sentence as substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review a district court's sentence for substantive reasonableness, which "amounts to review for abuse of discretion." <u>United States v. Cavera</u>, 550 F.3d 180, 187 (2d Cir. 2008) (en banc). This discretion is broad: although district courts must consult the Sentencing Guidelines when imposing a sentence, they are not bound by the range and may "tailor the appropriate punishment to each offense." <u>Id.</u> A sentence is substantively unreasonable only if it "cannot be located within the range of permissible decisions." <u>Id</u>. at 189 (internal quotation marks omitted). "[O]nly those sentences that are so 'shockingly high, shockingly low, or otherwise unsupportable as a matter of law' that allowing them to stand would 'damage the administration of justice'" are substantively unreasonable. <u>United States v. Broxmeyer</u>, 699 F.3d 265, 289 (2d Cir. 2012) (quoting <u>United States v. Rigas</u>, 583 F.3d 108, 123 (2d Cir. 2009)).

The district court adopted the Presentence Report ("PSR"), which made the following findings of McIntosh's involvement in the conspiracy. McIntosh

was a member of 2Fly YGz, a criminal organization that operated in the Bronx and engaged in narcotics trafficking, robbery, attempted murder, and murder. On October 5, 2013, McIntosh murdered Donville Simpson, a member of a rival criminal organization, during a shootout between the two organizations. McIntosh was also involved in an earlier shootout in which 2Fly members were armed. At that shootout, two people apparently associated with the rival organization, as well as a 14-year-old bystander, were shot, though it is unclear who fired the shots that hit the two victims apparently associated with the rival organization. All three victims survived.

McIntosh's stipulated guidelines range was 210 to 262 months' imprisonment. The district court varied upward from that range and the recommendation of probation, sentencing McIntosh principally to 280 months' imprisonment. The judge explained the upward variance:

> It is necessary for general deterrence. This is a man with a history of some violence. This was a murder and involvement in an attempted murder. I cannot in good conscience say that a sentence that would have Mr. McIntosh on the street materially earlier than the time that the loss of [Donville Simpson] is not an everyday occurrence for [his mother] and the sorrow for her would be appropriate. Now, obviously, none of us knows anyone's lifespan, but I just think that to impose just punishment in the circumstances, a sentence of this length is the minimum necessary.

App'x 84. The judge also commented on the seriousness of the violent crime and drug trafficking engaged in by 2Fly in the neighborhood it inhabited in the Bronx, and the effect those crimes had on that neighborhood.

McIntosh claims that his sentence is substantively unreasonable because the district court gave "unreasonable weight to unsupported allegations of attempted murders." Appellant's Br. 11. He argues that his involvement in the attempted murders--which the judge cited as one basis for his sentence--is disputed. But the record discloses that the district judge understood McIntosh's

involvement in the attempted murders and properly considered that involvement.

The district judge was entitled to rely on the factual findings in the PSR--which were adopted without objection at sentencing--in determining McIntosh's sentence.[1]   The PSR found that "Jaquan McIntosh is responsible for the murder of Donville Simpson and being involved in the attempted murder [of two victims]."   PSR ¶ 67.   It also set forth in some detail the extent of McIntosh's involvement in the attempted murders.   The district judge therefore did not err by relying on these undisputed findings in the PSR in fashioning his sentence, and there is no evidence that he relied on any other "unsupported" allegations regarding the attempted murders.

Notably, at sentencing, McIntosh's attorney specifically raised with the court a dispute the parties had over the extent of McIntosh's involvement in the attempted murders.   The district judge responded that he "understood" McIntosh's position and that the finding in the PSR was "reworded in response to [the attorney's] comments."   App'x 82.   The district judge thus made clear on the sentencing record that he understood McIntosh's arguments regarding the extent of his involvement in the attempted murders and made a finding that took those arguments into account.

To the extent McIntosh argues that the district judge gave undue weight to the attempted murders, that is also belied by the record.   The district judge specifically noted the various factors that influenced the sentence, which included not only the attempted murders, but also the murder of Donville Simpson and the other findings of serious violence and drug crimes committed by the 2Fly organization.   In explaining the upward variance at sentencing, the district judge chiefly focused on the murder of Donville Simpson and the need to punish McIntosh for the loss he caused to Simpson's family.   The judge made

---

[1] One change was made to McIntosh's PSR at the sentencing.   The Government and McIntosh agreed that the probation officer erred in the calculation of McIntosh's criminal history category, and the district court corrected that error.

only a passing reference to the attempted murders.   Accordingly, the district judge's sentence was not substantively unreasonable.

McIntosh also argues that the district court committed error by failing to include a statement in the written judgment setting forth the reasons for the upward variance, as required by 18 U.S.C. § 3553(c)(2).   That argument is meritless.   The Statement of Reasons in this case sets forth the specific reasons for the upward variance: the breadth of the violent crimes and drug infractions committed by 2Fly and the effect of those crimes on the neighborhood in the Bronx; McIntosh's murder of Donville Simpson and its effect on the family of Mr. Simpson; McIntosh's history of violence; and McIntosh's involvement in the attempted murder.   This explanation satisfies the statutory requirements.   See United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006) (abrogated in part on other grounds by Kimbrough v. United States, 552 U.S. 85 (2007)).

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6